J-S39004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMONT SAUNDERS, | |
| Appellant | No. 2268 EDA 2013 |

Appeal from the PCRA Order July 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700051-2003

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 01, 2015**

Lamont Saunders appeals from the July 29, 2013 order denying him PCRA relief.[1]  We affirm.

On March 11, 2005, Appellant, together with his co-defendant Dallas Saunders, was convicted at a jury trial of second-degree murder, robbery, conspiracy to commit robbery, and possession of an instrument of crime for his role in the November 27, 2002 shooting death of Douglas J. Comstock. The facts underlying these convictions are as follows.  On the night of November 26, 2002, Mr. Comstock and his friend, Brian Patrick Kieffer,

_____

[1] Appellant originally filed a *pro se* brief.  Counsel thereafter filed an appearance and asked for several extensions of time to file a brief.

drove from New Jersey to Philadelphia in search of cocaine or heroin. They viewed Dallas Saunders and Appellant standing on the corner of Mutter Street and Indiana Street and decided to purchase drugs from them. Mr. Kieffer identified Appellant at trial.

Mr. Comstock exited his car, spoke with Appellant, and went into an alley with Appellant and Dallas. Mr. Kieffer, who was waiting in the car, heard a gunshot and observed two men fleeing the alley. Angel Alvarez, was on Mutter Street, heard an argument and then shots emanating from an alley, and saw two males running from the alley. Mr. Alvarez obtained a flashlight and found Mr. Comstock. Mr. Kieffer arrived on the scene, and Mr. Alvarez told him that Mr. Comstock was dead and that he should flee. Mr. Kieffer returned to his car and found a police officer.

At approximately 12:30 a.m. on November 27, 2002, Philadelphia police responded to a broadcast about the shooting. They discovered Mr. Comstock with a gunshot wound to the back of his head. On December 10, 2002, Jose Toro told a Philadelphia detective that a couple of days after the shooting, he spoke with Appellant and Dallas. Appellant admitted to Toro that he shot Comstock and stole his money. On January 9, 2003, Toro gave police a written statement about Appellant's confession, and Toro executed it.

On March 11, 2005, Appellant was sentenced to life imprisonment, and we affirmed on direct appeal. ***Commonwealth v. Saunders***, 909 A.2d 887

(Pa.Super. August 31, 2006). Allowance of appeal was denied on February 22, 2007. ***Commonwealth v. Saunders***, 817 A.2d 314 (Pa. 2007). Appellant filed a timely PCRA petition on October 15, 2007, and counsel, John P. Cotter, Esquire, was appointed. Counsel filed an amended PCRA petition on May 28, 2009. The PCRA court served notice of its intent to dismiss the petition without a hearing, but Appellant objected and asked to file an amended petition. On January 26, 2011, Mr. Cotter filed a second amended PCRA petition. On September 16, 2011, Appellant filed a *pro se* supplemental PCRA petition.

Mr. Cotter was permitted to withdraw, and J. Matthew Wolfe was appointed as counsel. Mr. Wolfe filed a third amended PCRA petition, and the Commonwealth was provided with an opportunity to respond to it. The PCRA hearing was thereafter continued several times, with Commonwealth ultimately filing an additional response to the third amended PCRA petition. On June 12, 2013, Mr. Wolfe filed a petition to withdraw and no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On June 19, 2013, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing, and, on July 29, 2013, dismissed the petition and permitted counsel to withdraw. Appellant filed the present, timely *pro se* appeal. New counsel, Coley O. Reynolds, Esquire, entered his appearance and presents this issue for our review.

- 3 -

> I. Is Appellant, Lamont Saunders, entitled to an evidentiary hearing to determine the validity of the evidence presented by the Commonwealth to the PCRA Court that led to the dismissal of his PCRA petition when his PCRA counsel was ineffective by failing to request that such an evidentiary hearing take place?

Appellant's brief at 4.[2]

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

> An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

In this appeal, Appellant charges PCRA counsel, Mr. Wolfe, with ineffectiveness. Specifically, Appellant avers that Mr. Wolfe should have requested an evidentiary hearing instead of filing a no-merit letter based on the following set of events. Mr. Comstock was shot sometime during the night of November 26, 2002, or the morning of November 27, 2002. Jose Toro told police that, a few days after the incident, Appellant boasted that he was the shooter.

---

[2] We note that this issue was preserved in Appellant's response to the PCRA court's notice of its intent to dismiss the PCRA petition without a hearing.

In his third amended PCRA petition, Appellant averred that Toro was incarcerated when Appellant purportedly spoke with that witness and that trial counsel was ineffective for failing to investigate Toro's prison record to impeach his testimony. The Commonwealth responded to the third amended PCRA petition with Toro's incarceration record from the Philadelphia County prison system. That document established that Toro was in jail on September 13, 2002, released on bail paid on September 19, 2002, and was not incarcerated again in Philadelphia County until December 11, 2002.

Appellant suggests on appeal that Toro was arrested again on November 24, 2002,[3] and that PCRA counsel was ineffective for failing to investigate whether he remained in jail thereafter. Appellant avers that PCRA counsel "was ineffective in his representation of Appellant during his PCRA proceedings for failing to request an evidentiary hearing to determine the validity of the Commonwealth's incarceration record of Jose Toro." Appellant's brief at 9. He suggests that there is a genuine issue of material fact as to whether Toro was in jail two or three days after the November 27,

_____

[3] The online docket sheets from the Criminal Division of the Court of Common Pleas of Philadelphia County indicate that Toro was arrested on that day for theft from a motor vehicle, unauthorized use of a motor vehicle, and receiving stolen property.

2002 shooting, which was when Appellant made his inculpatory remark to Toro.

We evaluate Appellant's position that PCRA counsel was ineffective pursuant to the following precepts. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. *Id*. A claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." *Id*. at 707. A determination as to whether the facts asserted present a claim of arguable merit is a legal one. *Id*. It is presumed that counsel renders effective representation.

The fatal flaw in Appellant's position is that PCRA counsel did investigate the matter and reported about it in his no-merit letter. Mr. Wolfe knew that Toro was arrested on November 24, 2002. He went to investigate whether Toro made bail in that case. Mr. Wolfe reported:

> The District Attorney initially produced an extract of Mr. Toro's incarceration record in Philadelphia, which seemed to indicate that he was released on bail on September 13, 2002, and not jailed again until December 11, 2002. This did not make sense, since we knew that Mr. Toro had been arrested and incarcerated in November of 2002. The District Attorney next produced another document that likewise was not particularly

- 6 -

comprehensible. During this period of time, [Appellant] indicated that a friend of his had spoken with a Mr. Daquilant in the Criminal Justice Center who had said that Mr. Toro had not made bail after his November arrest.

I went to the file room at the Criminal Justice Center to see if I could find Mr. Daquilant, whom I could not find in the city's online directory of all city employees. I was told that no one by that name worked there. I did ask if Mr. Toro had made bail. They said that their computer did not say one-way or the other. I reviewed the online docket myself and could not find any information. I then reviewed the court's fil[ing] for Mr. Toro and the only document I found was the subpoena issued when he made bail and was given a subpoena for court. That seemed to be an indication that he made bail. I was directed to the bail unit, which looked up their records and found that Mr. Toro had made bail on November 24, 2002. I was given a printout to that effect.

No-merit Letter of J. Matthew Wolf, 6/10/13, at (unnumbered page) 4.

Thus, Mr. Wolf ascertained both from Toro's file and from the bail unit that Toro made bail the same day as his arrest, November 24, 2002. Thus, there is no genuine issue of material fact that the records produced by the Commonwealth reporting that Toro was not incarcerated between November 24, 2002 and December 11, 2002 were inaccurate. Appellant confessed to the killing a few days after the November 27, 2002 shooting.

A PCRA petitioner is not automatically entitled to an evidentiary hearing:

The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in

order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

*Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa.Super. 2002) (citation omitted).

Since there is no genuine issue of material fact that Toro was not in jail when Appellant confessed to him, Appellant is not entitled to PCRA relief based on his present claim. Thus, PCRA counsel was not ineffective for failing to request one.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015